**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 19-4108**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BOB BIONGO, a/k/a Bob Derek Biongo, a/k/a Bob Derika Biongo,

        Defendant - Appellant,

─────────

**No. 19-4117**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM ISAAC DANIELS, a/k/a Tu Tu, Too,

        Defendant - Appellant,

─────────

**No. 19-4434**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JARMAINE ANDERSON, a/k/a Jermaine Anderson, a/k/a Twista, a/k/a Twister,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00253-FL-1; 5:17-cr-00253-FL-3; 5:17-cr-00253-FL-2)

_____

Submitted:  December 20, 2022                    Decided:  June 16, 2023

_____

Before GREGORY, Chief Judge, and NIEMEYER and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina for Appellant Bob Biongo.  Joseph Bart Gilbert, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant William Daniels.  Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant Jarmaine Anderson. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, Bob Biongo, William Isaac Daniels, and Jarmaine Anderson appeal from judgments and an amended judgment entered in their criminal cases.

Biongo pled guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (count 1), three counts of aiding and abetting the distribution and possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), and possession with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count 15).  Daniels pled guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and two counts of aiding and abetting the distribution and possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).  Anderson pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846, two counts of aiding and abetting the distribution and possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count 8), and distribution and possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  The Government provided notice under 21 U.S.C. § 851 of its intent to seek enhanced punishment under 21 U.S.C. § 841(b) against Biongo.

The district court sentenced Biongo to five concurrent terms of 180 months' imprisonment, the mandatory minimum term under 21 U.S.C. § 841(b)(1)(A) for counts 1

3

and 15.  The court sentenced Daniels as a career offender under the Sentencing Guidelines, see U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2 (2018), to three concurrent terms of 211 months' imprisonment.  The court also sentenced Anderson as a career offender to five concurrent terms of 262 months' imprisonment.  Biongo timely appealed the amended criminal judgment entered in his case, and Daniels and Anderson timely appealed the criminal judgments entered in their cases.  We affirm.

Biongo challenges his sentence, arguing that the district court violated his Fifth and Fourteenth Amendment rights under the Due Process and Equal Protection Clauses by sentencing him to the mandatory minimum under 21 U.S.C. § 841(b)(1)(A) because that minimum perpetuates disparities between cocaine base and powder cocaine offenders.  We review this claim de novo.  United States v. Hager, 721 F.3d 167, 204 (4th Cir. 2013).  However, because this court has "conclude[d] that the disparities between [cocaine base] and cocaine sentences contained in 21 U.S.C. § 841 do not violate equal protection or due process," United States v. Bullard, 645 F.3d 237, 246 (4th Cir. 2011), we reject this claim.

Daniels also challenges his sentence, arguing that the district court erred in determining that his prior North Carolina state conviction for assault inflicting physical injury by strangulation is a predicate crime of violence supporting application of the career offender Guideline, see USSG § 4B1.2(a).  We review this issue de novo.  United States v. Rice, 36 F.4th 578, 581 n.3 (4th Cir. 2022).  Under the Guidelines, a "crime of violence" includes "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."  USSG § 4B1.2(a)(1).  Daniels' North

4

Carolina state conviction for assault inflicting physical injury by strangulation is a crime of violence under USSG § 4B1.2(a)(1). *Rice*, 36 F.4th at 579, 587. Accordingly, vacatur of his sentence on this basis is not warranted.

Anderson argues that his conviction on count 8 for violating 18 U.S.C. § 922(g)(1) is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and should be vacated because he was not informed the Government would be required to prove he knew of his status as a felon. Because Anderson did not raise this issue in the district court, we review it for plain error. *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("[P]lain-error review applies to unpreserved *Rehaif* errors."). "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights." *Caldwell*, 7 F.4th at 211. In the guilty plea context, a defendant "has the burden of showing that, if the [d]istrict [c]ourt had correctly advised him of the *mens rea* element of the offense, there is a reasonable probability that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). "If those three requirements are met, [we] may grant relief if [we] conclude[] that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2096-97 (internal quotation marks omitted).

"[I]n *Rehaif*, the Supreme Court concluded that to obtain a § 922(g) conviction, the [G]overnment 'must show that the defendant knew he possessed a firearm and also that he knew he had the relevant [felon] status when he possessed it.'" *Caldwell*, 7 F.4th at 213

5

(quoting *Rehaif*, 139 S. Ct. at 2194).[1]  "As the Supreme Court has noted, '[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon.  The reason is simple: If a person is a felon, he ordinarily knows he is a felon.'"  *Id.* (quoting *Greer*, 141 S. Ct. at 2097).  However, "the mere undisputed fact that [the defendant] was a felon at the time of the [offense] is not dispositive."  *Id.*

"'[T]here may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms.'"  *Id.* (quoting *Greer*, 141 S. Ct. at 2097).  "This could occur, for example, where a defendant was previously convicted of 'a crime *punishable* by imprisonment for a term exceeding one year,' but was sentenced to a term less than a year or to probation."  *Id.* (quoting 18 U.S.C. § 922(g)(1)).  "Such a defendant may not have been aware of what punishments were *permitted* for his prior conviction, and thus that he was considered a felon under § 922(g)(1)."  *Id.*  "But if a defendant does not make such an argument or representation on appeal, [this] court will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a reasonable probability that the outcome would have been different absent the *Rehaif* error."  *Id.* (cleaned up).

---

[1] To the extent that Anderson makes the argument, we note that the Government was not required to prove his knowledge that his felon status prohibited his firearm possession.  *See United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021).

Anderson has not argued or represented on appeal that he did not know he was a felon when he possessed the firearm at issue in count 8.  There is no dispute that, at the time of his possession, he had been convicted of a crime punishable by imprisonment for a term exceeding one year, and he admitted that fact when he pled guilty.  Because he has failed on appeal to make the argument or representation required by *Greer*, we conclude that Anderson has failed to show plain error affecting his substantial rights.  He thus fails to establish invalidity in his § 922(g)(1) conviction.

Anderson also argues that his trial counsel rendered ineffective assistance in failing to object to application of the career offender enhancement in his case because his § 846 conspiracy conviction is not a controlled substance offense qualifying him for that enhancement.  This court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).  To establish ineffective assistance of trial counsel, Anderson must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687.  After review, we conclude that ineffective assistance by Anderson's trial counsel does not conclusively appear on the face of the record.  Such claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.  We therefore decline to address this claim at this juncture.

7

Accordingly, we affirm the judgments entered in Daniels' and Anderson's cases and affirm the amended criminal judgment entered in Biongo's case.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Because Biongo and Daniels are represented by counsel who filed a joint merits brief in their appeals, we deny their motions to file pro se supplemental briefs. *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018) ("[A]n appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal.").  We also deny: the motion filed by Daniels' counsel for supplemental briefing, Biongo's and Anderson's requests for supplemental briefing made in their responses to this motion, and the request made by Daniels' counsel that this court grant relief under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), on its own initiative.